

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

GEOFFREY G. VICE,
RYAN D. WALTERS,
ADAM A. HARRIS,
ALICIA A. DISON

CRIMINAL NO. 07-50072-01-04
JUDGE TOM STAGG

## MEMORANDUM RULING

The basis of these criminal charges affecting the four defendants is, in essence, that $100 bills were printed on United States currency paper using a Hewlett Packard printer. The resulting counterfeit bills were sought to be passed as legitimate currency.

The objections filed by the defendants to their Presentence Investigation Reports contend that it is error to use sentencing guideline section 2B5.1 on manufacturing counterfeit bills instead of section 2B1.1 on "altering" bearer obligations of the United States. The difference is in a base offense level of nine for

section 2B5.1 and a base offense level of four for section 2B1.1.

Section 2B5.1 is entitled "Offenses Involving Counterfeit Bearer Obligations of the United States." The defendants argue that section 2B1.1 applies based on Application Note 3 of section 2B5.1 which states that section 2B5.1 is not applicable to "genuine but fraudulently altered instruments." Because the defendants began with actual United States federal reserve notes, bleached them, and then re-printed them in a higher denomination, they claim they merely altered the instruments rather than manufactured the instruments in their entirety. Thus, they contend, section 2B1.1 should apply.

Despite the defendants' arguments, the sentencing guidelines explain that in situations of counterfeit bearer obligations of the United States, section 2B5.1 is the appropriate guideline. Application Note 2 of section 2B5.1 specifically states that section 2B5.1 "applies to counterfeiting of United States currency and coins...and other items that generally could be described as bearer obligations of the United States, i.e., that are not made out to a specific payee." Additionally, the Introductory Commentary to section 2B1.1 explains that this guideline applies to "basic forms of property offenses" which are property offenses "other than offenses involving altered

2

or counterfeit bearer obligations of the United States." Finally, the title of section 2B1.1 further supports the court's position that 2B5.1 is the appropriate guideline: "Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States." Because this case involves counterfeit United States currency, which are bearer obligations, section 2B5.1 is the appropriate guideline.

The defendants cite two cases in support of their position. See <u>United States v. Schreckengost</u>, 384 F.3d 922 (7th Cir. 2004), <u>United States v. Inclema</u>, 363 F.3d 1177 (11th Cir. 2004). In those cases, the Circuit Courts of Appeal found that section 2B1.1 applied in cases where the defendant bleached the ink off a legitimate federal reserve note and reprinted the bearer paper in a higher denomination. This court notes that such decisions are not binding on this court and, given the court's position as explained above, respectfully disagrees with those decisions. Moreover, in <u>United States v. Johnny Jacobs</u> (07-50020), a case very similar to the case at hand, District Judge Donald Walter overruled a similar objection, finding that while the bills were altered, they were also counterfeit and that section 2B5.1 was the appropriate guideline. Thus, it has been and continues to be the position of this court that in

situations where a defendant bleaches the ink off a legitimate United States federal reserve note and reprints the note in a different denomination, the bill is counterfeit and section 2B5.1 of the sentencing guidelines applies.

Based on the foregoing analysis, the defendants's objections to the Presentence Investigation Reports regarding the sentencing guideline used to determine the base offense level are **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 3rd day of January, 2008.

_____
JUDGE TOM STAGG